IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COBE CARDIOVASCULAR, INC. and SORIN GROUP DEUTSCHLAND GMBH, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 05-410 (JFF) |
| v. | ) ) |
| TERUMO CARDIOVASCULAR SYSTEMS CORP., | ) ) ) |
| Defendant. | ) ) |

RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26 (f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by December 7, 2005 the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

    (a) The parties agree that they will meet and confer with regard to a Stipulated Protective Order no later than January 6, 2006, and will submit a Stipulated Protective Order to the Court, with any unresolved issues fully briefed pursuant to the Court's order on discovery motions Section 4 herein, no later than January 16, 2006.

2. **Joinder of other Parties**. All motions to join other parties shall be filed on or before March 3, 2006.

3. **Discovery**.

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 17, 2006.

(b) Maximum of 30 interrogatories, including contention interrogatories, for each side.

(c) Maximum of 100 requests for admission by each side. The Parties agree that this limit does not apply for requests for admission utilized for foundational or admissibility purposes.

(d) Maximum of 115 hours of depositions by plaintiff and 115 hours by defendant, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed. Notwithstanding the foregoing, the Parties agree that they will confer in good faith with regard to whether the deposition of third party witness Mr. Val Effinger can take place prior to the completion of the discovery required by Paragraph 3 (a, b and c). Should the Parties be able to agree with regard to the deposition of Mr. Effinger and the discovery required prior to such deposition, the Parties will submit a Stipulation to the Court requesting an amendment to this Rule 16 Scheduling Order. All fact discovery shall be completed by September 29, 2006.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) are due from the party with the burden of proof on the subject of the expert's report by October 27, 2006; from the opposing party by December 15, 2006. Expert discovery shall close on January 26, 2007.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than the close of expert discovery on January 26, 2006.

(g) To the extent that Defendant intends to rely upon advice of counsel as any part of its defense to the claim of willful infringement, Defendant shall provide written notice of

such intent no later than August 1, 2006. Along with written notice of Defendant's intent to rely upon advice of counsel, Defendant shall:

    (i)    Produce or make available for copying any opinion(s) and any other documents related to that opinion(s) within the scope of the waiver;

    (ii)    Produce a detailed privilege log of any other documents related to the subject matter of the advice of counsel, except for documents authored solely by trial counsel in this case, that Defendant is withholding on the basis of attorney-client privilege and/or work product immunity. Such privilege log shall include the date of any document; the name of the author of any document; the names of all recipients of the document; the subject matter and nature of the document at issue; the claim of privilege and/or immunity; and all facts that support such claim of privilege and/or immunity.

4. **Discovery Disputes.**

    (a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

    (b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

    (c)    Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

    (d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

    (e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

  5. **Amendment of the Pleadings**.  All motions to amend the pleadings shall be filed on or before May 5, 2006.

  6. **Case Dispositive Motions.**  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before February 23, 2007.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

  7. **Markman**.  A Markman Hearing will be held during the week of November 13, 2006.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.  The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

  8. **Applications by Motion**.

    (a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995).  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b)    No facsimile transmissions will be accepted.

    (c)    No telephone calls shall be made to Chambers.

    (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Status Conference.**  A status conference shall be held with the Court on the following dates: March ___, 2006 at ____ and June ___, 2006 at ___.

10.    **Pretrial Conference and Trial**.  After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____           _____
    DATE                                 UNITED STATES DISTRICT JUDGE